UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM C. GRIDER and KATHY J. GRIDER, husband and wife;<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LAKEWOOD AND LAKEWOOD POLICE DEPARTMENT; CHIEF OF POLICE LARRY SAUNDERS AND JANE DOE SAUNDERS, his wife, OFFICER REYNALDO PUNZALAN, OFFICER OSCAR MAYSONET, OFFICER SHAWN NOBLE, SGT. ANDY SURVER; and their spouses;<br><br>Defendants. | NO.<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (b) (FEDERAL QUESTION) |

TO: THE CLERK OF THE ABOVE-ENTITLED COURT

Please take notice that defendants City of Lakewood and Lakewood Police Department; Chief of Police Larry Saunders and Jane Doe Saunders, Officer Reynaldo Punzalan, Officer Oscar Maysonet, Officer Shawn Noble, and Sgt. Andy Surver,



**MICHAEL B. TIERNEY, P.C.**
2955 80th AVE SE
SUITE 205
MERCER ISLAND, WASHINGTON 98040
TELEPHONE: (206) 232-3074
FACSIMILE: (206) 232-3076

(hereinafter "City of Lakewood") hereby remove to this Court the state court action described below.

1. Commencement and Pendency of Action in the State Court.

Plaintiffs, William C. Grider and Kathy J. Grider, filed their Complaint on September 13, 2007, in the Superior Court of the State of Washington for Pierce County. The Superior Court assigned the action Superior Court Cause No. 07-2-12093-4. The Complaint was served on defendants City of Lakewood on September 13, 2007. A Notice of Withdrawal and Substitution of Counsel for Defendants City of Lakewood, was filed by the firm of Michael B. Tierney, P.C. on September 21, 2007. No further proceedings in this action have been had in the Superior Court of the State of Washington for Pierce County.

2. Grounds for Removal: Federal Question.

Plaintiffs' Complaint alleges questions under federal law as follows:

> "VIII. The tortuous acts and omissions of the city and fire department defendants, and each of them, include, but are not limited to: assault, battery, false imprisonment; negligent provocation of assault, battery, false arrest and concerted action resulting in deprivation of the United States Constitutional Fourth Amendment right to freedom from unreasonable seizure including freedom from infliction of unlawful and excessive force, coercion and imprisonment; . . . "

> "XII. The individual defendants, in the execution of, and acting pursuant to, tortuous city policies, customs, patterns and practices relating to the hiring, training, supervision, employment and utilization of police and fire personnel, as heretofore alleged, and the defendant City of Lakewood, by virtue of said policies, customs, patterns and practices, thereby wrongfully deprived plaintiffs of their rights, privileges and immunities as secured by the Constitution and laws of the United States and the State of Washington; to-wit, the Fourth Amendment right to freedom from unreasonable seizure and the use of unreasonable force."

> "WHEREFORE, plaintiffs pray for judgment against the defendants, and each of them, jointly and severally, in such an amount as will reasonably



**MICHAEL B. TIERNEY, P.C.**
2955 80th AVE SE
SUITE 205
MERCER ISLAND, WASHINGTON 98040
TELEPHONE: (206) 232-3074
FACSIMILE: (206) 232-3076

and fairly compensate them for their losses and damages suffered and to be suffered, for recovery in all respects permitted attendant to a violation of 42 USC §1983, as alleged in the third cause of action, including punitive damages, pretrial interest and fees, for their costs and actual attorneys fees here, and for such further relief as may be just."

Exhibit A – Complaint.

3. Joinder of Defendants.

Joinder of other defendants in this Notice of Removal is not required because the Plaintiffs' federal claims are asserted only against the defendants City of Lakewood.

4. Venue.

This Court is the District Court of the United States for the district and division embracing the place where the state court action is currently pending, and is therefore the appropriate court for removal pursuant to 28 USC § 1441(a).

5. Timely Removal.

This Notice of Removal is filed with the Court within thirty days after receipt by any defendant, through service or otherwise, of a copy of the complaint. 28 U.S.C. § 1446(b).

6. State Court Records.

Copies of all process, pleadings and orders served on the City of Lakewood are attached to the Certification of Pleadings Served on Defendants which is being filed with this Notice of Removal. Copies of all process, pleadings and orders found in the files of the Superior Court of the State of Washington for Pierce County are attached to the Verification of State Court Record, which will be filed within ten days of the filing of this Notice of Removal.



**MICHAEL B. TIERNEY, P.C.**
2955 80th AVE SE
SUITE 205
MERCER ISLAND, WASHINGTON 98040
TELEPHONE: (206) 232-3074
FACSIMILE: (206) 232-3076

WHEREFORE, defendants City of Lakewood prays that the above-entitled action be removed from the Superior Court of the State of Washington for Pierce County to this Court.

DATED this 26th day of September, 2007.

MICHAEL B. TIERNEY, P.C.

By: /s/John M. Stellwagen

John M. Stellwagen, WSBA #27623
Michael B. Tierney, WSBA # 13662
Attorneys for Defendants City of Lakewood
Michael B. Tierney, P.C.
2955 80th Ave S.E., Suite 205
Mercer Island, WA 98040
Telephone: 206-232-3074
Facsimile: 206-232-3076
Email: stellwagen@tierneylaw.com

Exhibit A

RECEIVED
SEP 13 2007
CITY OF LAKEWOOD
12:27pm JB

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| WILLIAM C. GRIDER and KATHY J. GRIDER, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LAKEWOOD AND LAKEWOOD POLICE DEPARTMENT; CHIEF OF POLICE LARRY SAUNDERS and JANE DOE SAUNDERS, his wife, OFFICER REYNALDO PUNZALAN, OFFICER OSCAR MAYSONET, OFFICER SHAWN NOBLE, SGT. ANDY SURVER; and their spouses,<br><br>Defendants. | No. 07 2 12093 4<br><br>COMPLAINT FOR PERSONAL INJURIES |

FILED
IN COUNTY CLERK'S OFFICE
A.M. SEP 13 2007 P.M.
PIERCE COUNTY, WASHINGTON
KEVIN STOCK, County Clerk
BY DEPUTY

RECEIVED
SEP 14 2007
CITY OF LAKEWOOD
12:27pm JB

COME NOW PLAINTIFFS, and for causes of action against the defendants, and each of them, allege as follows:

FIRST CAUSE OF ACTION

I. At all times material hereto, the individual defendants were man and wife comprising a marital community on behalf of which all material acts and omissions herein alleged were accomplished; further, the police department defendants Saunders, Surver,



SHAFER, MOEN, & BRYAN, P.S.
1325 Fourth Avenue, Suite 940
Seattle, WA 98101
206 624 2460

Punzalan, Maysonet and Noble were City of Lakewood police officers. All named defendants committed all material acts and omissions herein alleged in their individual and official capacities and as employees and agents of the City of Lakewood.

II. All of the parties hereto are residents of Pierce County, Washington, and all acts herein alleged occurred in Pierce County, Washington.

III. On September 18, 2005 at the approximate hour of 2:50 p.m. at 8308 Berkeley Street S.W. in either the city of Lakewood or the city or postal address of Tillicum, Pierce County, Washington, plaintiff William C. Grider, then sixty-three years of age, suffered an epileptic – like seizure as he worked behind a retail store counter as a customer service person. He lost consciousness and collapsed to the floor where he lay until beginning to regain consciousness after about one minute. A co-worker called for medical assistance and Lakewood Fire Department units and personnel arrived finding him to be awake, confused and weak. Mr. Grider was able to tell fire personnel that he had a long history of infrequent seizure disorders from which he recovered in short periods of time without problems and for which medical care was not indicated. He said that he had not been injured when he collapsed and no injury was detected. He asked that he not be taken to a hospital. His wife, Kathy J. Grider, was contacted by phone and she verified that they did not want and would not benefit from a hospital visit. She said she had arranged to have him picked up by a friend to be taken to their home where he would be safe with her. Consent to further medical care was politely denied. Nonetheless, the emergency medical personnel attempted to talk Mr. Grider into agreeing to be transported to a hospital emergency room, eventually insisting. Mr. Grider consistently declined, and the fire department officers called for a Rural/Metro Ambulance Company ambulance and the police for assistance in forcing Mr. Grider to the hospital against his will and that of this wife.

IV. The police officer defendants Noble, Punzalan, and Maysonet arrived at the scene initially, and the defendant Sergeant Surver arrived about ten minutes later. As Mr. Grider continued to peacefully withhold consent for transport to a hospital, he was tortiously shot with a Taser gun in the left ear, taken from the chair in which he sat, kicked in the ribs and into merchandise shelving and to the floor, roughed up, taken into custody, cuffed tightly and loaded into the Rural/Metro Ambulance which took him to the St. Clare Hospital Emergency Room. It is believed that the Taser was fired by either Officer Noble, Punzalan or Maysonet. Sgt. Surver provided false information to Mr. Grider's ride, his neighbor, for Mrs. Grider about where Mr.



SHAFER, MOEN, & BRYAN, P.S.
1325 Fourth Avenue, Suite 940
Seattle, WA 98101
206 624 7460

Grider was being taken, falsely sending them to a remote facility to retrieve Mr. Grider. Two of Mr. Grider's co-workers and a customer have described the police conduct to have been "outrageous", "totally uncalled for", and "brutal to a major degree."

V. The tortious acts and omissions of the city and police and fire department defendants, and each of them, include, but are not limited to: fire personnel apparently providing police with incorrect information and requests, assault, battery, false imprisonment, civil aiding and abetting and acting in concert with each other to accomplish alleged wrongful acts, negligent employment and negligent employee retention, training, supervision and utilization of the officers together with negligent or otherwise wrongful maintenance of tortious customs, practices and policies with deliberate indifference and callous disregard for the welfare and rights of plaintiffs and other citizens.

VI. As a direct and proximate result of the tortious acts and omissions of the defendants and each of them, the plaintiff William C. Grider suffered painful and grievous injuries including the electrical shocking and laceration of the left ear, two rib fractures, a left chest wall contusion, wrist and wrist nerve damage, multiple other contusions, emotional damage and a broken watch. The plaintiff Kathy J. Grider suffered loss of consortium, and both plaintiffs suffered and incurred medical expenses, loss of income, and such other damage as shall be set forth at trial.

## SECOND CAUSE OF ACTION

VII. Plaintiffs reallege, and by this reference incorporate herein, all of the allegations contained in the first cause of action set forth herein.

VIII. The tortious acts and omissions of the city defendants, and each of them, include, but are not limited to: assault, battery, false imprisonment; negligent provocation of assault, battery, false arrest and concerted action resulting in deprivation of the United States Constitutional Fourth Amendment rights to freedom from unreasonable seizure including freedom from the infliction of unlawful and excessive force, coercion and imprisonment; negligent failure to follow national standards and state regulations known as "Physician Orders for Life-Sustaining Treatment" related to patient consent to treatment and transfers, patient preferences and first aid measures for seizures; and negligent or otherwise wrongful



SHAFER, MOEN, & BRYAN, P.S.
1325 Fourth Avenue, Suite 940
Seattle, WA 98101
206.624.7460

employment, retention, training, supervision and utilization of officers together with negligent or otherwise wrongful maintenance of tortious customs, practices and policies with deliberate indifference and callous disregard for the welfare and rights of plaintiffs and other citizens.

IX. As a direct and proximate result of said tortious acts and omissions of the defendants, and each of them, plaintiffs have suffered and will continue to suffer those injuries and losses heretofore alleged.

THIRD CAUSE OF ACTION

X. Plaintiffs reallege, and by this reference incorporate herein, all of the allegations contained in the first two causes of action set forth herein.

XI. The individual defendants and the City of Lakewood through its police and fire departments were acting under color of state law at all times material hereto.

XII. The individual defendants, in the execution of, and acting pursuant to, tortious city policies, customs, patterns and practices relating to the hiring, training, supervision, employment and utilization of police and fire personnel, as heretofore alleged, and the defendant City of Lakewood, by virtue of said policies, customs, patterns and practices, thereby wrongfully deprived plaintiffs of their rights, privileges and immunities as secured by the Constitution and laws of the United States and of the State of Washington; to-wit, the Fourth Amendment right to freedom from unreasonable seizure and the use of unreasonable force.

XIII. As a direct and proximate result of said deprivation, plaintiffs suffered and will continue to suffer those injuries and losses heretofore alleged.

FOURTH CAUSE OF ACTION

IXX. Plaintiffs reallege, and by this reference incorporate herein, all of the allegations contained in the first three causes of action set forth above.

XX. The conduct of the individual defendants and, vicariously and directly, the conduct of the city of Lakewood, was extreme, outrageous, reckless, callous and intentional to the extent that it proximately caused and will continue to cause, emotional distress and such other damage to plaintiffs as shall be set forth at trial.



SHAFER, MOEN, & BRYAN, P.S.
1325 Fourth Avenue, Suite 940
Seattle, WA 98101
206.624.7460

WHEREFORE, plaintiffs pray for judgment against the defendants, and each of them, jointly and severally, in such an amount as will reasonably and fairly compensate them for their losses and damages suffered and to be suffered, for recovery in all respects permitted attendant to a violation of 42 USC ζ 1983, as alleged in the third cause of action, including punitive damages, pretrial interest and fees, for their costs and actual attorneys fees herein, and for such further relief as may by just.

DATED this 12th day of ~~August~~ September, 2007.

SHAFER, MOEN, & BRYAN, P.S.

ROBERT S. BRYAN, WSBA #0422
Attorney for Plaintiffs



SHAFER, MOEN, & BRYAN, P.S.
1325 Fourth Avenue, Suite 940
Seattle, WA 98101
206 624 7460